UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH P BROWN,

                          Petitioner,

                                                  07-cr-0026
      v.                                           08-cv-1362

UNITED STATES OF AMERICA,

                          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Petitioner pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  He was sentenced to a term of 60 months imprisonment followed by a term of lifetime supervised release.  Petitioner now moves pursuant to 28 U.S.C. § 2255 seeking: (1) entry of a new judgment to allow him to file an appeal; and (2) for imposition of a new sentence to allow him to challenge the basis for the sentence, including any imposed term of supervised release.

I.       **DISCUSSION**

      a.       **Failure to File An Appeal**

       Petitioner first claims that his appellate attorney was ineffective because he failed to timely file a brief in support of the appeal.  The government does not oppose the application in this regard.  While the Court would, ordinarily, vacate the judgment and direct the Clerk of the Court to re-enter judgment, thereby giving Petitioner time to file an appeal,

see United States v. Fuller, 332 F.3d 60 (2d Cir. 2003), it appears that Petitioner's appeal has been re-instated by the Second Circuit. Accordingly, this portion of the Petition is moot.

### b. Petitioner Waived His Right to Seek Collateral Review

Petitioner's remaining claims must be dismissed because he waived his right to collaterally attack his sentence. Plea Agr. at ¶ 14. There being no valid argument that the waiver was not done knowingly and voluntarily, his waiver is enforceable. See United States v. Cunningham, 292 F.3d 115, 117 (2d Cir. 2002); United States v. Ready, 82 F.3d 551, 556 (2d Cir. 1996).

### c. Whether the Plea Was Knowing and Voluntary

Petitioner next contends that he is entitled to relief because he entered his plea without knowing and/or understanding that he would be subject to lifetime supervision and that violations of supervised release could result in his re-incarceration.

The Court rejects Petitioner's claim in this regard. The plea agreement clearly sets forth the maximum term of imprisonment and also clearly apprised Petitioner that "[i]n addition to imposing any other penalty, the sentencing Court may require the Defendant to serve a term of supervised release of up to any term of years or life. . . ." Plea Agreement at ¶ 2(b). That paragraph further informed Petitioner that a violation of the terms and conditions of supervised release could result in incarceration. Id. At paragraph eleven, Petitioner acknowledged having read the agreement and having been advised of the range of possible sentences. Further, at the plea colloquy, Petitioner stated that his attorney explained, and he understood, the potential penalties, the potential sentences, and the consequences of pleading guilty. Tr. at 10. At the plea colloquy, the government specifically advised of the maximum sentence and the possibility of a lifetime of supervised release and that a violation

of any terms and conditions of supervised release could result in incarceration. Tr. at 16. Petitioner also stated at the colloquy that he read and understood the terms of his plea agreement. The Court has no valid reason to doubt the veracity of Petitioner's statements in his plea agreement or made at the plea colloquy. United States v. Oberoi, 547 F.3d 436, 459 (2d Cir. 2008).

For these reasons the Court finds that the plea was entered into knowingly and voluntarily and rejects the claim that counsel was ineffective for failing to explain the nature and potential term of supervised release or the consequences of violating the terms and conditions of supervised release.

### d.     Ineffective Assistance of Counsel at Sentencing

Petitioner also argues that his counsel was ineffective for failing to object to the pre-sentence report's statement as to the period of supervised release or in failing to object to the Court's decision to impose a lifetime term of supervised release, the Court's purported failure to consider the factors set forth in 18 U.S.C. § 3553, or the Court's final sentence. This argument is rejected because: (1) such an objection would have been without merit and, therefore, counsel did not deviate from reasonable standards in failing to make the objections; and (2) even if counsel had objected to the supervised release recommendation from probation, there is no likelihood the sentence would have been different.

The ultimate sentence, including the decision to impose lifetime supervised release, was not simply a mechanical adoption of any recommendations made to the Court, but was a decision made upon full consideration of Petitioner's individual circumstances and only after consideration of the sentencing guidelines and the § 3553 factors.

Petitioner also faults his attorney for failing to call a witness at sentencing to testify concerning his mental state and his claimed low risk of recidivism. Litigation strategy is ordinarily left to the sound discretion of counsel. It cannot be said that the failure to call such a witness falls below the standard of reasonableness. In any event, even if counsel had called such a witness, given the extent of Petitioner's involvement in child pornography, there is not a reasonable probability that the Court would have imposed less than lifetime supervision. The evidence supporting this conclusion includes: Petitioner's clear interest in sex with minors, his having sexually explicit online conversations with persons who identified themselves as minors, his interest in arranging sexual meetings with minors, and his having possessed hundreds of images of minors, numerous video files of minors, images involving prepubescent minors, and possession of images involving sadistic and masochistic conduct involving minors. Further, Petitioner engaged in this conduct over a period of 3 to 4 years, both while at home and while at work.

## II.     CONCLUSION

For the foregoing reasons, the Petition is GRANTED IN PART and DENIED IN PART. The judgment of conviction is hereby VACATED and the Clerk of the Court is directed to enter judgment on the same terms and conditions as the prior judgment. In all other respects, Petitioner's motion is DENIED.

IT IS SO ORDERED.

Dated: June 8, 2009

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior U.S. District Judge